FILED

NOV 20 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRY SMITH,<br><br>Petitioner,<br><br>vs.<br><br>P. D. BRAZELTON, Warden,<br><br>Respondent. | No. C 12-03950 EJD (PR)<br><br>ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a California prisoner incarcerated at Pleasant Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

Order Dismissing Petition; Granting IFP; Denying COA
03950Smith_parole-dism.wpd

U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B. Petitioner's Claim**

Petitioner seeks federal habeas relief based on the following claim: 1) the denial of parole suitability breached the contract between petitioner and the state when he pled nolo contendere and received a sentence of sixteen years to life.[1] (Pet. at 5.)

For the purposes of habeas federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons why parole was denied. Id. Petitioner makes no allegation in the petition to indicate that he did not receive at least this amount of process. The Constitution does not require more. Id.

Whether the Board's decision was supported by some reliable evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

It is well established that a criminal defendant has the right under the Due Process Clause to enforce the terms of a plea agreement. Doe v. Harris, 640 F.3d 972, 975 (9th Cir. 2011) (citing Santobello v. New York, 404 U.S. 257, 261 (1971)). Plea agreements are contractual in nature and are construed using ordinary contract interpretation under state law. Doe, 640 F.3d at 975; Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006)

---

[1] To the extent petitioner alleges that he did not knowingly and voluntarily enter his plea for this 1980 conviction, he must challenge the underlying conviction, not the denial of parole. Any such challenge would appear to be time barred.

(en banc), cert. denied, 500 U.S. 913 (2007). Under California law, a court must first look to the plain meaning of the agreement language. Buckley, 441 F.3d at 695. The inquiry considers the objectively reasonable expectations of the promisee. Id.

Petitioner states that his sentence was sixteen years to life in prison. He does not allege that he was promised to be released at a specific time or that he was assured he would be granted parole if certain conditions were met. A sentence of sixteen years to life carries the possibility of life in prison, thus no promise or agreement has been broken. Petitioner's conclusory arguments are insufficient. To the extent petitioner does not agree with the denial of parole by the Board and the evidence used in support, any such claim is foreclosed by Swarthout.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED: 11/20/12

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID PERRY SMITH,

    Petitioner,

v.

P. D. BRAZELTON, Warden,

    Respondent.

Case Number CV 12-03950 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __11/20/12__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**David Perry Smith**
C-13616
Pleasant Valley State Prison
P. O. Box 8500
Coalinga, CA 93210-8503

DATED: __11/20/12__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk